IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GMAC GLOBAL RELOCATION
SERVICES, LLC,

    Plaintiff,

v.

JANE "JAMIE" M. HERRING, an
individual, and STEPHEN G.
HERRING, an individual,

    Defendants.

No. CV 06-887-MO

OPINION re: Bill of Costs

**MOSMAN, J.**,

On December 20, 2007, I signed a judgment in favor of GMAC Global Relocation Services, LLC, against Jane M. Herring. GMAC now requests costs in the amount of $6,498.20. Ms. Herring has not filed objections. For the reasons set forth below, I GRANT GMAC's request and order Ms. Herring to pay costs of $6,498.20.

**DISCUSSION**

District Courts have discretion to award costs. Federal Rule of Civil Procedure 54(d)(1) states: "Unless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." This rule "creates a presumption for awarding costs to prevailing parties." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The court "need not give affirmative reasons for awarding costs." *Id.* at 945. The costs typically awarded to a prevailing party are set forth in 28 U.S.C. §1920. However, the amount and type of

PAGE 1 - OPINION AND ORDER

costs awarded to a prevailing party is within the court's discretion. *See Alflex Corp. v. Underwriters Labs., Inc.,* 914 F.2d 175, 176-77 (9th Cir. 1990) (awarding the cost of depositions and service of process).

GMAC is entitled to its costs associated with serving Ms. Herring with a copy of the summons and complaint. Federal Rule of Civil Procedure 4(d)(2) states: "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service." Ms. Herring knew GMAC had filed suit against her and was trying to serve her with a copy of the Summons and Complaint, yet she actively and intentionally avoided service of process for almost nine months. *See* William G. Fig Decl. (Docket #79) ¶ 4. After hiring a private investigator and attempting to personally serve Ms. Herring, GMAC ultimately served her by publication. GMAC is entitled to its costs associated with serving Ms. Herring. *See* Fed. R. Civ. P. 4(d)(2).

GMAC is also entitled to its costs associated with the depositions of Ms. Herring and Stephen G. Herring. The cost of depositions used in a case are recoverable. *See Alflex Corp.*, 914 F.2d at 176. GMAC used the depositions of Ms. Herring and Mr. Herring to support its Motion for Summary Judgment (#61). GMAC is entitled to its costs associated with these depositions.

## CONCLUSION

For the reasons set forth above, in addition to the costs normally awarded to a prevailing party, GMAC is entitled to reimbursement of its costs and expenses associated with service of process and the two depositions. Therefore, I GRANT GMAC's request for costs. Costs are

PAGE 2 - OPINION AND ORDER

awarded as follows:

| | |
|---|---|
| Clerk's Filing Fee[1] | $350.00 |
| Publication Fees | 297.50 |
| Private Investigator Fees | 4,081.70 |
| Process Server Fees | 868.00 |
| Depositions | |
| a. Jane Herring | 408.50 |
| b. Stephen Herring | 492.50 |
| TOTAL: | $6,498.20 |

IT IS SO ORDERED.

DATED this  19th  day of February, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

---

[1] 28 U.S.C. § 1920 lists the costs normally awarded to a prevailing party, which include the "fees of the clerk."

PAGE 3 - OPINION AND ORDER